IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

LEISA BATTLE,                          :
                                       :
     Plaintiff,                        :
                                       :
vs.                                    :        CIVIL ACTION 10-0548-M
                                       :
MICHAEL J. ASTRUE,                     :
Commissioner of Social Security,:
                                       :
     Defendant.                        :

<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff's attorney's Application for Attorney Fees Under the Equal Access to Justice Act (hereinafter *EAJA*), with supporting Documentation (Doc. 26, and Defendant's Response to Plaintiff's Petition for Attorney's Fees (Doc. 27).  After consideration of the pertinent pleadings, it is **ORDERED** that the Motion be **GRANTED** and that Plaintiff **be AWARDED** an EAJA attorney's fee in the amount of $1,462.84.

Plaintiff filed this action on October 7, 2010 (Doc. 1). On April 28, 2011, the undersigned Judge entered a Memorandum Opinion and Order, reversing the decision of the Commissioner, and remanding this action for further proceedings (Doc. 24). Judgment was entered in favor of Plaintiff and against Defendant (Doc. 25).

1

On May 31, 2011, William T. Coplin, Jr., counsel for Plaintiff, filed an Application for Attorney Fees Under the EAJA, in which he requests a fee of $1,462.84, computed at an hourly rate of $175.19 for 8.35 hours spent in this Court (Doc. 26. Defendant, in his Response filed on June 8, 2011, stated that he objected to an award of attorney's fees under EAJA as the Government's position in this case was substantially justified; Defendant also stated that payment made should be made to Plaintiff rather than to her attorney (Doc. 27).

The EAJA requires a court to

> award to a prevailing party . . . fees and
> other expenses . . . incurred by that party
> in any civil action . . . including
> proceedings for judicial review of Agency
> action, brought by or against the United
> States . . . unless the court finds that the
> position of the United States was
> substantially justified or that special
> circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA further requires that a prevailing party file an application for attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The court's judgment is final sixty days after it is entered, which is the time in which an appeal may be taken pursuant to Rule 4(a) of the Federal Rules of Appellate

Procedure.  *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

As set out above, there are three statutory conditions which must be satisfied before EAJA fees may be awarded under 28 U.S.C. § 2412.  *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).  First, the claimant must file an application for fees within the thirty-day period.  Second, the claimant must be a prevailing party.  Third, the Government's position must not be substantially justified.

Defendant concedes that Plaintiff became the prevailing party when the Court remanded this action, *Schaefer*, 509 U.S. 300-302, but makes no argument about the timeliness of the application; the Court finds that the petition was timely filed. However, Defendant does not concede that the original administrative decision denying benefits was not substantially justified (Doc. 27).

With regard to this last condition, in order for Plaintiff to recover attorney's fees under the EAJA, the Government must fail "to establish that its positions were 'substantially justified' or that there exist 'special circumstances' which countenance against the awarding of fees."  *Myers*, 916 F.2d at 666 (interpreting and referring to 28 U.S.C. § 2412(d)(1)(A)). That means that the Government must show that there was a

"reasonable basis both in law and fact" for the positions it
took. *Myers*, 916 F.2d at 666 (citations omitted). The Court
notes that "[a]n examination of whether the government's
position was substantially justified encompasses an evaluation
of both the agency's preligitation conduct and the subsequent
litigation positions of the Justice Department. . . . Unless the
government can establish that all of its positions were
substantially justified, the claimant is entitled to receive
attorney's fees." *Myers*, 916 F.2d at 666 n.5 (citations
omitted). Though Defendant bears the burden of showing that its
position was substantially justified, "[t]he fact that the
government lost its case does not raise a presumption that the
government's position was not substantially justified." *Ashburn
v. United States*, 740 F.2d 843, 850 (11th Cir. 1984).

In the Memorandum Opinion and Order dated April 28, 2011
(Doc. 24), the Court found as follows:

> Plaintiff's first claim is that the
> Appeals Council did not properly consider
> the opinions and conclusions of the treating
> physician. Battle refers to the medical
> source statement and pain questionnaire
> completed on April 26, 2010 by Dr. Perry
> Timberlake (Doc. 13, pp. 9-11; Tr. 380-81).
> This was part of the medical evidence
> submitted to the Appeals Council after the
> ALJ's decision had been rendered.
> It should be noted that "[a] reviewing

court is limited to [the certified] record [of all of the evidence formally considered by the Secretary] in examining the evidence." *Cherry v. Heckler*, 760 F.2d 1186, 1193 (11th Cir. 1985). However, "new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review." *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1067 (11th Cir. 1994). Under *Ingram v. Commissioner of Social Security Administration*, 496 F.3d 1253, 1264 (11th Cir. 2007), district courts are instructed to consider, if such a claim is made, whether the Appeals Council properly considered the newly-submitted evidence in light of the ALJ's decision. To make that determination, the Court considers whether the claimant "establish[ed] that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).

In examining the action at hand, the Court notes that Plaintiff is claiming that the ALJ's decision is not supported by substantial evidence and also challenges the Appeals Council's decision in finding no basis to change the ALJ's decision (Doc. 13, pp. 9-10). The Court further notes that the Appeals Council denied any basis for changing the ALJ's opinion; it stated, however, that it had considered the newly-submitted evidence (Tr. 1-5). The Court has already summarized the new evidence above and will now examine it under *Caulder*.

The Court finds that Dr. Timberlake's

medical source opinion would render
Plaintiff incapable of performing any work
whatsoever as she is capable of sitting and
standing or walking for only two hours
during an eight-hour day (Tr. 380). This is
less than a full day's work. Furthermore,
the doctor found her capable of lifting only
five pounds occasionally and one pound
frequently (Tr. 380). This does not satisfy
the lifting requirements for sedentary work.
Dr. Timberlake's pain assessment renders
Battle's ability to work seem even more
unlikely. The Court finds that this
satisfies the first prong of *Caulder* as the
medical evidence from Dr. Timberlake is non-
cumulative to the other evidence of record.

The second *Caulder* prong is a query as
to whether the evidence is "material," that
is, relevant and probative so that there is
a reasonable possibility that it would
change the administrative result. In his
less than five-page decision, the ALJ
discounted Plaintiff's testimony as
contradicted by the evidence (Tr. 38). In
weighing the medical evidence, he gave
significant weight to a non-examining State
physician with regard to Battle's mental
abilities, great weight to a State agency
non-medical source's opinions regarding
Plaintiff's physical abilities, and
"significant weight to Dr. Saxon's opinion
that there was no identifiable evidence for
a determination of disability" (Tr. 39).

The Court notes that although Dr. Saxon
did perform Range of Motion testing, he
expressed no opinion as to Battle's ability
to perform any of the activities associated
with performing a day's work (Tr. 176-79).
The only examining physician who provided
any such evidence was Dr. Timberlake; a
physical RFC assessment was completed by a
non-examining non-medical person which the
ALJ assigned great weight (Tr. 181-88). As
Dr. Timberlake's report directly contradicts

that of the non-examining non-medical
person, the Court finds that there is a
reasonable probability that the
administrative result would be different if
the ALJ had had an opportunity to view it.

The third prong of *Caulder* is a query
as to whether there is good cause for the
failure to submit the evidence at the
administrative level.  The Court finds that
this requirement is satisfied because the
evidence did not exist at the time the ALJ
rendered his decision; he did not have the
opportunity to consider it.  Though the
Appeals Council says that it considered the
evidence, the Court finds that its decision
not to review the ALJ's decision is not
supported by substantial evidence.

(Doc. 24, pp. 11-16) (footnotes omitted).

Defendant, in his response (Doc. 27), states that there was
a reasonable basis in law and fact for the Commissioner's
position.  Specifically, the Government first notes that the
Court "only addressed and found merit in one of Plaintiff's
arguments . . . and thereby implicitly rejected her other three
arguments" (Doc. 27, p. 4).  The Court rejects this argument,
noting that it was unnecessary to address the remaining three
claims once it found one that had merit.

Defendant further makes the argument, previously made to
the Court, that the Appeals Council considered and properly
rejected Dr. Timberlake's opinions (Doc. 27, pp. 6-7).  The
argument gains no new traction here.  The Court, in its

Memorandum Opinion, found that the Appeals Council did not properly consider Timberlake's opinions, rendered following a physical examination in which he completed a physical capacities evaluation and pain questionnaire (Doc. 24, pp. 13-14). This conclusion was reached after noting that the ALJ relied on the reports of a State agency non-medical source's opinions regarding Plaintiff's physical abilities and an examining physician's report which "expressed no opinion as to Battle's ability to perform any of the activities associated with performing a day's work" (Doc. 24, p. 15; *see generally* pp. 14-15). The Court did not base its opinion on the fact that Dr. Timberlake's opinion was different, but that he provided a basis for his opinion and that it totally contradicted the evidence on which the ALJ relied. The Government's position was not substantially justified in making the argument that the Appeals Council had properly considered and rejected the new evidence.

Having found that the three prerequisites are satisfied, the Court will now discuss the fee to be awarded in this action. The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied

by a reasonable hourly rate.'" *Watford v. Heckler*, 765 F.2d 1562, 1586 (11th Cir. 1985 (EAJA) (*quoting Hensley v. Eckerhartt*, 461 U.S. 424, 433 (1983) (§ 1988)).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  In the private section, 'billing judgment' is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.

*Hensley*, 461 U.S. at 434 (citations omitted).  Counsel must use professional judgment in billing under EAJA.  A lawyer should only be compensated for hours spent on activities for which he would bill a client of means who was seriously intent on

vindicating similar rights.  *Norman v. Housing Authority*, 836 F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Plaintiff's attorneys' Application and supporting documentation, and after consideration of the reasonableness of the hours claimed, finds that Plaintiff's counsel's time expended in prosecuting this action for a total of 8.35 hours is reasonable.

With respect to a determination of the hourly rate to apply in a given EAJA case, the express language of the Act provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justified a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp. 1997).

In *Meyer v. Sullivan*, 958 F.2d 1029 (11th Cir. 1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act:

> The first step in the analysis, . . . is to
> determine the market rate for "similar
> services [provided] by lawyers of reasonably
> comparable skills, experience, and
> reputation." . . . The second step, which is
> needed only if the market rate is greater
> than $75 per hour, is to determine whether
> the court should adjust the hourly fee
> upward . . . to take into account an
> increase in the cost of living, or a special
> factor.

*Meyer*, 958 F.2d at 1033-34 (citations and footnote omitted).[1]

The applicant bears the burden of producing satisfactory

evidence that the requested rate is in line with prevailing

market rates. *NAACP V. City of Evergreen*, 812 F.2d 1332, 1338

(11th Cir. 1987). Satisfactory evidence at a minimum is more

than the affidavit of the attorney performing the work. *Blum v.

Stenson*, 465 U.S. 886, 895 n.11 (1984). Where the fees or time

claimed seem expanded or there is lack of documentation or

testimony in support, the court may make an award on its own

experience. *Norman v. City of Montgomery*, 836 F.2d 1292, 1303

(11th Cir. 1988). Where documentation is inadequate, the court

is not relieved of its obligation to award a reasonable fee, but

the court traditionally has had the power to make such an award

without further pleadings or an evidentiary hearing. *Id.*

---

[1]Subsequent to *Meyer*, the cap was raised from $75.00 per hour to

Since 2001, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour. *See, e.g.*, *Smith v. Massanari*, Civil Action 00-0812-P-M (S.D. Ala. October 25, 2001); and *Square v. Halter*, Civil Action 00-0516-BH-L (S.D. Ala. April 12, 2001). However, in 2007, in an action before Judge Cassady, a formula was approved and used to adjust the prevailing market hourly rate to account for the ever-increasing cost of living. *Lucy v. Barnhart*, Civil Action 06-0147-C (S.D. Ala. July 5, 2007 (Doc. 32)). As set out in *Lucy*, the formula to be used in calculating all future awards of attorney's fees under the EAJA is: "'($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint[2])/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (*Lucy*, Doc. 32, at p. 11) (*quoting Lucy*, Doc. 31, at p. 2). The undersigned also adopts this formula in EAJA fee petition actions for use in arriving at the appropriate hourly rate.

The temporal midpoint in this action was January 17, 2011,

---

$125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A).

[2]"The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[;] . . . [t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." *Lucy v. Barnhart*. Civil Action 06-0147-C (S.D. Ala. Doc. 31, at p. 3).

the complaint having been filed on October 7, 2010 (Doc. 1), and the Court having entered its Memorandum Opinion and Order and Judgment on April 28, 2011 (Docs. 24, 25). The CPI-U for January 2011 was 213.589. Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 213.589/152.4 which renders an hourly rate of $175.19. This hourly rate for 8.35 hours equals $1,462.84.

In the application for Attorney's Fees, counsel for Plaintiff requests that any award of attorney's fees be paid to Plaintiff's attorney rather than to Plaintiff (Doc. 26). The Government argues that payment should only go to the Plaintiff (Doc. 27, pp. 6-9).

As noted earlier, EAJA allows a Court to make an "*award to a prevailing party.*" 28 U.S.C. § 2412(d)(1)(A). In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509 (11th Cir. 1988), the Eleventh Circuit Court of Appeals stated that "[i]t is readily apparent that the party eligible to recover attorneys' fees under the EAJA as part of its litigation expenses is the prevailing party." *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 724 (2008) ("We conclude the EAJA means what it says: attorney's fees are awarded to the 'prevailing party,' not to the prevailing party's

attorney"). The United States Supreme Court, in the unanimous decision of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010), held "that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States," removing any doubt as to whom the award should be paid.

In this action, Battle has specifically assigned "to William T. Coplin, Jr., the entire amount of fees awarded to me by this Court under the Equal Access to Justice Act, 28 U.S.C. § 2412" (Doc. 26, "Assignment"). However, under the reasoning of *Reeves* and *Ratliff*, the Court finds that the award should be paid to Battle and not to her attorney.

In conclusion, it is **ORDERED** that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff be **AWARDED** an EAJA attorney's fee in the amount of $1,462.84.

DONE this 27th day of June, 2011.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE